United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLAUDIA MORENO, *et al.*,

        Plaintiffs,

    v.

AUTOZONE, INC.,

        Defendant.
_____/

No. C-05-4432 MJJ (EMC)

**ORDER RE COMPLIANCE WITH COURT'S DIRECTIVE OF JUNE 14, 2006**

    On June 14, 2006, the Court heard the discovery dispute pending between the parties regarding pre-certification discovery. At the hearing, the Court stated it would allow discovery pertaining to two stores for a four-year period as a means for determining Plaintiff's entitlement to fuller class discovery. The parties were ordered to meet and confer and craft a production of documents consistent with the Court's directive.

    The parties have returned to the Court to resolve disputes over of the sufficiency of Defendant's production of documents. Having considered the parties' joint letter of August 14, 2006 and the argument of counsel at the further hearing on August 16 herein, the Court orders as follows.

    1.    The parties shall meet and confer with knowledgeable IT experts on each side to determine whether there is a digital, downloadable and searchable database for the time card and payroll information sought by Plaintiffs. That meet and confer shall be completed within 10 days of this order. If such database is available, it will be provided to the Plaintiffs who will undertake the burden of conducting its own searches and formatting. If such database is available, Defendants' production in pdf or similar "picture" format will not be adequate. Plaintiff will provide to

Defendant the list of fields it wants included in the database; they are not required to explain relevance or legal theories. If available, the documents shall be produced within 10 days following the meet and confer.

2. A digital database for the security logs is maintained (as Defendant had it converted to Word for production herein and can be converted into other formats at some expense). That database will be made available to Plaintiffs who will bear the cost of downloading and converting it into their desired format. As to data over two years old, Defendant shall convert it to the format requested by Plaintiff, but Plaintiff shall compensate Defendant for up to 30 hours of labor (at actual cost/wage rate of Defendant's employee(s)) it will take to perform the production of such older data. The cost of such labor shall be verified by declaration. The production herein shall take place within 10 days of this order.

3. The break logs are kept in paper form at each store. Within 10 days, Defendant shall produce to Plaintiffs a declaration stating that all such logs beyond a certain age (specify) have been irretrievably destroyed. Defendants are ordered to preserve all existing documents and shall not destroy any more such logs at any of the California stores until further ordered. Production of the documents which do exist shall be stayed pending Judge Jenkins' ruling on the motion for stay currently under submission.

4. Defendant shall produce Ms. Medrano's records for her employment in December 204 to January 2005 at store no. 2889. At this juncture, Defendants are not required to produce the records of other employees at this store.

A status conference will be held on September 13, 2006 at 10:30 a.m. The parties shall file a brief joint letter updating current status of discovery by September 6, 2006.

IT IS SO ORDERED.

Dated: August 16, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

2