UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA MORENO, et al., | No. C 05-04432 MJJ (EMC) |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| AUTOZONE, INC., | |
| Defendant. | |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

1

1    2. DEFINITIONS

2         2.1    Party: any party to this action, including all of its officers, directors,

3    employees, consultants, retained experts, and outside counsel (and their support staff).

4         2.2    Disclosure or Discovery Material: all items or information, regardless of the

5    medium or manner generated, stored, or maintained (including, among other things, testimony,

6    transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery

7    in this matter.

8         2.3    "Confidential" Information or Items: information (regardless of how generated,

9    stored or maintained) or tangible things that qualify for protection under standards developed under

10   F.R.Civ.P. 26(c).

11        2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items:

12   extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-

13   party would create a substantial risk of serious injury that could not be avoided by less restrictive

14   means.

15        2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a

16   Producing Party.

17        2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery

18   Material in this action.

19        2.7.   Designating Party: a Party or non-party that designates information or items

20   that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential

21   — Attorneys' Eyes Only."

22        2.8    Protected Material: any Disclosure or Discovery Material that is designated as

23   "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

24        2.9.   Outside Counsel: attorneys who are not employees of a Party but who are

25   retained to represent or advise a Party in this action.

26        2.10   House Counsel: attorneys who are employees of a Party.

27        2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well as

28   their support staffs).

2

1    2.12    Expert: a person with specialized knowledge or experience in a matter

2  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness

3  or as a consultant in this action and who is not a past or a current employee of a Party or of a

4  competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of

5  a Party or a competitor of a Party's.   This definition includes a professional jury or trial consultant

6  retained in connection with this litigation.

7    2.13    Professional Vendors: persons or entities that provide litigation support

8  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

9  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

10  subcontractors.

11

12    ## 3. SCOPE

13    The protections conferred by this Stipulation and Order cover not only Protected Material (as

14  defined above), but also any information copied or extracted therefrom, as well as all copies,

15  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

16  parties or counsel to or in court or in other settings that might reveal Protected Material.

17

18    ## 4. DURATION

19    Even after the termination of this litigation, the confidentiality obligations imposed by this Order

20  shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

21  directs.

22

23    ## 5. DESIGNATING PROTECTED MATERIAL

24    5.1 Exercise of Restraint and Care in Designating Material for Protection.   Each Party

25  or non-party that designates information or items for protection under this Order must take care to

26  limit any such designation to specific material that qualifies under the appropriate standards. A

27  Designating Party must take care to designate for protection only those parts of material, documents,

28  items, or oral or written communications that qualify – so that other portions of the material,

3

1    documents, items, or communications for which protection is not warranted are not swept
2    unjustifiably within the ambit of this Order.

3              Mass, indiscriminate, or routinized designations are prohibited.  Designations that are
4    shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to
5    unnecessarily encumber or retard the case development process, or to impose unnecessary expenses
6    and burdens on other parties), expose the Designating Party to sanctions.

7              If it comes to a Party's or a non-party's attention that information or items that it
8    designated for protection do not qualify for protection at all, or do not qualify for the level of
9    protection initially asserted, that Party or non-party must promptly notify all other parties that it is
10   withdrawing the mistaken designation.

11             5.2 Manner and Timing of Designations.  Except as otherwise provided in this Order
12   (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material
13   that qualifies for protection under this Order must be clearly so designated before the material is
14   disclosed or produced.

15             Designation in conformity with this Order requires:

16             (a) for information in documentary form (apart from transcripts of depositions
17   or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"
18   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that
19   contains protected material.  If only a portion or portions of the material on a page qualifies for
20   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making
21   appropriate markings in the margins) and must specify, for each portion, the level of protection being
22   asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
23   ONLY").

24             A Party or non-party that makes original documents or materials available for
25   inspection need not designate them for protection until after the inspecting Party has indicated which
26   material it would like copied and produced.  During the inspection and before the designation, all of
27   the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
28   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

4

1    copied and produced, the Producing Party must determine which documents, or portions thereof,

2    qualify for protection under this Order, then, before producing the specified documents, the

3    Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

4    CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected

5    Material. If only a portion or portions of the material on a page qualifies for protection, the

6    Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

7    markings in the margins) and must specify, for each portion, the level of protection being asserted

8    (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

9                    (b) for testimony given in deposition or in other pretrial or trial proceedings,

10   that the Party or non-party offering or sponsoring the testimony identify on the record, before the

11   close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any

12   portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY." When it is impractical to identify separately each portion of testimony that is entitled to

14   protection, and when it appears that substantial portions of the testimony may qualify for protection,

15   the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before

16   the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific

17   portions of the testimony as to which protection is sought and to specify the level of protection being

18   asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

19   Only those portions of the testimony that are appropriately designated for protection within the 20

20   days shall be covered by the provisions of this Stipulated Protective Order.

21                   Transcript pages containing Protected Material must be separately bound by

22   the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

23   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-

24   party offering or sponsoring the witness or presenting the testimony.

25                   (c) for information produced in some form other than documentary, and for

26   any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

27   container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

28   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information

5

1  or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

2  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys'

3  Eyes Only."

4          5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

5  designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes

6  Only" does not, standing alone, waive the Designating Party's right to secure protection under this

7  Order for such material. If material is appropriately designated as "Confidential" or "Highly

8  Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

9  on timely notification of the designation, must make reasonable efforts to assure that the material is

10  treated in accordance with the provisions of this Order.

11

12      6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

13          6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's

14  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

15  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its

16  right to challenge a confidentiality designation by electing not to mount a challenge promptly after the

17  original designation is disclosed.

18          6.2 Meet and Confer.  A Party that elects to initiate a challenge to a Designating

19  Party's confidentiality designation must do so in good faith and must begin the process by conferring

20  directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for

21  the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that

22  the confidentiality designation was not proper and must give the Designating Party an opportunity to

23  review the designated material, to reconsider the circumstances, and, if no change in designation is

24  offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next

25  stage of the challenge process only if it has engaged in this meet and confer process first.

26

27          6.3 Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

28  designation after considering the justification offered by the Designating Party may file and serve a

6

1   motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

2   identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion

3   must be accompanied by a competent declaration that affirms that the movant has complied with the

4   meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity

5   the justification for the confidentiality designation that was given by the Designating Party in the meet

6   and confer dialogue.

7          The burden of persuasion in any such challenge proceeding shall be on the Designating

8   Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

9   question the level of protection to which it is entitled under the Producing Party's designation.

10

11          7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

12          7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed

13   or produced by another Party or by a non-party in connection with this case only for prosecuting,

14   defending, or attempting to settle this litigation.   Such Protected Material may be disclosed only to

15   the categories of persons and under the conditions described in this Order.  When the litigation has

16   been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

17   DISPOSITION).

18          Protected Material must be stored and maintained by a Receiving Party at a location

19   and in a secure manner that ensures that access is limited to the persons authorized under this Order.

20          7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

21   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose

22   any information or item designated CONFIDENTIAL only to:

23          (a) the Receiving Party's Outside Counsel of record in this action, as well as

24   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

25   litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

26   hereto as Exhibit A;

27          (b) the officers, directors, and employees (including House Counsel) of the

28   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

7

1   the "Agreement to Be Bound by Protective Order" (Exhibit A);

2   (c) experts (as defined in this Order) of the Receiving Party to whom

3   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

4   Bound by Protective Order" (Exhibit A);

5   (d) the Court and its personnel;

6   (e) court reporters, their staffs, and professional vendors to whom disclosure is

7   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

8   Protective Order" (Exhibit A);

9   (f) during their depositions, witnesses in the action to whom disclosure is

10  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

11  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

12  Protected Material must be separately bound by the court reporter and may not be disclosed to

13  anyone except as permitted under this Stipulated Protective Order.

14  (g) the author of the document or the original source of the information.

15  7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

16  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

17  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

19  (a) the Receiving Party's Outside Counsel of record in this action, as well as

20  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

21  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

22  hereto as Exhibit A;

23  [(b) – Optional – as deemed appropriate in case-specific circumstances:

24  House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in

25  patent prosecutions involving _____ [specify subject matter areas], (2) to whom

26  disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be

27  Bound by Protective Order" (Exhibit A);

28  (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably

8

1  necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"
2  (Exhibit A), [*Optional*: and (3) as to whom the procedures set forth in paragraph 7.4, below, have
3  been followed];

4        (d) the Court and its personnel;

5        (e) court reporters, their staffs, and professional vendors to whom disclosure is
6  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
7  Protective Order" (Exhibit A); and

8        (f) the author of the document or the original source of the information.

9    [ *Optional*: 7.4 Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –
10 ATTORNEYS' EYES ONLY" Information or Items to "Experts"

11       (a) Unless otherwise ordered by the court or agreed in writing by the
12 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any
13 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
14 ONLY" first must make a written request to the Designating Party that (1) identifies the specific
15 HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the
16 Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary
17 residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current
18 employer(s), (5) identifies each person or entity from whom the Expert has received compensation for
19 work in his or her areas of expertise or to whom the expert has provided professional services at any
20 time during the preceding five years, and (6) identifies (by name and number of the case, filing date,
21 and location of court) any litigation in connection with which the Expert has provided any
22 professional services during the preceding five years.

23       (b) A Party that makes a request and provides the information specified in the
24 preceding paragraph may disclose the subject Protected Material to the identified Expert unless,
25 within seven court days of delivering the request, the Party receives a written objection from the
26 Designating Party. Any such objection must set forth in detail the grounds on which it is based.

27       (c) A Party that receives a timely written objection must meet and confer with
28 the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

9

1  agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

2  file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

3  applicable) seeking permission from the court to do so.   Any such motion must describe the

4  circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is

5  reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

6  additional means that might be used to reduce that risk. In addition, any such motion must be

7  accompanied by a competent declaration in which the movant describes the parties' efforts to resolve

8  the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets

9  forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

10          In any such proceeding the Party opposing disclosure to the Expert shall bear

11  the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

12  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

13

14          8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

15  LITIGATION.

16          If a Receiving Party is served with a subpoena or an order issued in other litigation

17  that would compel disclosure of any information or items designated in this action as

18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

19  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and

20  in no event more than three court days after receiving the subpoena or order.  Such notification must

21  include a copy of the subpoena or court order.

22          The Receiving Party also must immediately inform in writing the Party who caused the

23  subpoena or order to issue in the other litigation that some or all the material covered by the

24  subpoena or order is the subject of this Protective Order.   In addition, the Receiving Party must

25  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

26  caused the subpoena or order to issue.

27          The purpose of imposing these duties is to alert the interested parties to the existence

28  of this Protective Order and to afford the Designating Party in this case an opportunity to try to

10

1 protect its confidentiality interests in the court from which the subpoena or order issued. The

2 Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

3 confidential material – and nothing in these provisions should be construed as authorizing or

4 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

5

6       9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

8 Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

9 the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

10 disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

11 person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

12 request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that

13 is attached hereto as Exhibit A.

14

15       10. FILING PROTECTED MATERIAL. Without written permission from the Designating

16 Party or a court order secured after appropriate notice to all interested persons, a Party may not file

17 in the public record in this action any Protected Material. A Party that seeks to file under seal any

18 Protected Material must comply with Civil Local Rule 79-5.

19

20       11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing

21 Party, within sixty days after the final termination of this action, each Receiving Party must return all

22 Protected Material to the Producing Party. As used in this subdivision, "all Protected Material"

23 includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing

24 any of the Protected Material. With permission in writing from the Designating Party, the Receiving

25 Party may destroy some or all of the Protected Material instead of returning it. Whether the

26 Protected Material is returned or destroyed, the Receiving Party must submit a written certification to

27 the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

28 deadline that identifies (by category, where appropriate) all the Protected Material that was returned

11

1  or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

2  compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

3  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

4  motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

5  materials contain Protected Material.  Any such archival copies that contain or constitute Protected

6  Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

7

8  12. MISCELLANEOUS

9  12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person

10  to seek its modification by the Court in the future.

11  12.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective

12  Order no Party waives any right it otherwise would have to object to disclosing or producing any

13  information or item on any ground not addressed in this Stipulated Protective Order.   Similarly, no

14  Party waives any right to object on any ground to use in evidence of any of the material covered by

15  this Protective Order.

16

17  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

18  DATED:  9/18/06                    Attorneys for Plaintiff

19

20  DATED:  Sept. 15, 2006            Attorneys for Defendant

21

22  PURSUANT TO STIPULATION, IT IS SO ORDERED.

23  DATED:  September 22, 2006

24  [name of judge]
United States District Judge

25

26

27

28



12

## PROOF OF SERVICE

| | |
|---|---|
| STATE OF WASHINGTON | ) |
| | )ss |
| COUNTY OF CLARK | ) |

I hereby certify that I am employed in the County of Clark, State of Washington. I am over the age of 18 and not a party to the withing action; my business address is 1498 SE Tech Center Place., Ste. 290, Vancouver WA 98683. That on September 19, 2006, I served a copy of the foregoing documents, described as: **Stipulated Protective Order** thereof upon the following named individual at the address as follows by sending a true and correct copy thereof addressed to:

Michael Hoffman
Littler Mendelson
650 California St., 20th Floor
San Francisco CA 94108
mhoffman@littler.com

by the following indicated method or methods:

[X] by electronic mailing through the CM/ECF system, in accordance with Fed. R. Civ. P. 5(d), on the date set forth below.

I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

I hereby declare that the above statements are true to the best of my knowledge and belief and I understand it is made for use as evidence and is subject to penalty for perjury under the laws of the United States of America.

DATED: September 19, 2006

_s/_

Elisabeth Wickham, Legal Assistant
Signed at Vancouver, Washington