United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORENO ET AL, | No. C05-04432 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS NINTH CLAIM IN FIRST AMENDED COMPLAINT** |
| v. | |
| AUTOZONE, INC, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Autozone, Inc.'s Motion To Dismiss Ninth Claim In First Amended Complaint. (Docket No. 112.)

For the following reasons, the Court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the Ninth Claim in Medrano's First Amended Complaint.

## FACTUAL BACKGROUND

Plaintiff Michele Medrano ( "Medrano") seeks remuneration for a series of claimed wage and hour law violations against her former employer Defendant Autozone, Inc. ("Autozone"). Her original complaint contained no claims for civil penalties under California Private Attorneys' General Act ("PAGA"), Cal. Labor Code § 2698, *et seq.* On April 9, 2007, this Court granted Medrano leave to amend her complaint to seek PAGA remedies, over the objection of Autozone. (Docket No. 109.) On April 12, 2007, Medrano filed her First Amendment Complaint which added, as its Ninth Claim, a request for civil penalties under PAGA. (Docket No. 110.)

1   In opposing Medrano's earlier request to amend her complaint, Autozone had, *inter alia*, asserted that the statute of limitations barred Medrano from seeking PAGA remedies. This Court, however, granted leave to amend at that time because it considered the statute of limitations issue more amenable to resolution in a Rule 12 or Rule 56 context. (Docket No. 109.)

Autozone now brings a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Ninth Claim. Alternatively, Autozone seeks entry of summary judgment against Medrano on the Ninth Claim under Federal Rule of Civil Procedure 56.

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

**ANALYSIS**

**A.  The One-Year Limitations Period Of California Code of Civil Procedure § 340(a) Applies To Medrano's Ninth Claim For PAGA Civil Remedies.**

California Code of Civil Procedure § 340(a) imposes a one-year statute of limitations upon "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation." There can be no serious dispute that the civil penalties that Medrano seeks to recover under PAGA are a

2

"penalty" within the meaning of California Code of Civil Procedure § 340(a). *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 374-76 (2005). Accordingly, a one-year statute of limitations will apply unless PAGA "prescribes a different limitation." To attempt to avoid the one-year statute of limitations of California Code of Civil Procedure § 340(a), Plaintiff advances several arguments, none of which persuade this Court.

First, Plaintiff argues that in implementing PAGA, the state legislature decided that the recovery of civil penalties under PAGA should not be subject to any statute of limitations. The Court finds this contention unsupported. The sole provision in PAGA that Medrano cites, California Labor Code § 2699(a), makes no reference to the statute of limitations and merely authorizes the use of civil actions to recover the civil penalties set forth in PAGA.[1] Moreover, Medrano's position is directly contradicted by the wording of Section 2699.3(d), the section of PAGA which imposes administrative exhaustion requirements. Section 2699.3(d) states: "The periods specified in this section are not counted as part of the time limited for the commencement of the civil action to recover penalties under this part." Section 2699.3(d) is clearly intended to toll the limitations period for bringing a civil action to recover PAGA penalties while the plaintiff is pursuing administrative remedies. Section 2699.3(d) therefore obviously recognizes the existence of an underlying limitations period, and would be rendered a mere surplusage if none existed.

Medrano's position is also not supported by the legislative history to which she cites. (Mac Farlane Decl., Exh. A.) The discussion of a technical amendment found therein describes an intent only to avoid conflating the concepts of standing and of a limitations period. It does not reflect an intent to remove PAGA from the ambit of California Code of Civil Procedure § 340(a), nor to prevent PAGA claims from being subject to any statute of limitations.[2]

---

[1] Cal. Lab. Code § 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

[2] Nor does the PAGA provision providing an automatic procedural right to amend an existing complaint in state court within 60 days of exhausting administrative remedies alter the operation of the statute of limitations. *See* Cal. Lab. Code § 2699.3(a)(2)(C). The fact that leave to amend has been granted does not safeguard a newly-added cause of action from a demurrer (in state court) or a Rule 12 motion (in federal court) based on a statute of limitations defense.

3

1    Second, Medrano argues that because recovery of civil penalties under PAGA is not
2 considered an assignable "cause of action" (*see Amalgamated Transit Union, Local 1756, AFL-CIO*
3 *v. Superior Court*, 148 Cal. App. 4th 39 (2007)), a statute of limitations defense is inapplicable.
4 Medrano, however, cites no authority for the proposition that a statute of limitations does not apply
5 merely because there is no assignable cause of action.  By its own terms, California Code of Civil
6 Procedure § 340(a) still applies to an "action upon a statute for a penalty", and does not distinguish
7 between actions where the statute authorizing recovery of the penalty creates the underlying
8 statutory violation, and actions where it does not.  Moreover, the fact that the right to recover PAGA
9 remedies arises from the violation of a different, underlying section of the Labor Code does not
10 prevent the application of California Code of Civil Procedure § 340(a).  *See People v. Grant*, 52 Cal.
11 App. 2d 794, 799-800 (1942) (limitations period of California Code of Civil Procedure § 340(a)
12 applied to actions brought under forfeiture statute triggered after "violation of any of the provisions
13 of this chapter").

14    Third, Medrano argues that California Code of Civil Procedure § 340(a) does not apply to
15 discretionary penalties.  In *Jensen v. BMW of North America, Inc.*, 35 Cal. App. 4th 112 (1995), the
16 court determined that California Code of Civil Procedure § 340(a) did not apply to the civil penalty
17 provided for in the Song-Beverly Consumer Warranty Act.  *Id.* at 132-133.  The Act provided that
18 "[i]f the buyer establishes that the failure to comply was willful, the judgment may include, in
19 addition to the amounts recovered under subdivision (a), a civil penalty which shall not exceed two
20 times the amount of actual damages."  *Id.* at 132 n.8.  *Jensen* concluded that the one-year limitations
21 period of California Code of Civil Procedure § 340(a) "applies only where the penalty is
22 mandatory", and did not apply where the court ultimately had discretion under the Act to
23 "determine[] whether to allow up to double damages."  *Id.* at 133.  Medrano asserts that *Jensen*
24 precludes the application of California Code of Civil Procedure § 340(a) here as well.

25    After examining the provisions of PAGA, however, this Court concludes that the civil
26 penalties set forth therein are better characterized as mandatory, and not discretionary, for purposes
27 of a limitations period analysis under California law.  While the statute at issue in *Jensen* employed
28 the discretionary wording that a court "may include" additional civil penalties, PAGA expressly

4

provides that "there is established a civil penalty for a violation of these provisions", and delineates the dollar amounts of the penalties. Cal. Lab. Code § 2699(f). Although PAGA provides a court with some limited discretion to reduce such awards – indicating that the court "may award a lesser amount than the maximum civil penalty amount specified by this part if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory" (Cal. Lab. Code § 2699(e)(2)) – that determination is subject to a specific, articulated standard. Though the amount of the civil penalty under PAGA can therefore vary in some circumstances, this Court regards the penalty is still essentially mandatory.

This conclusion is buttressed by the decision in *Shamsian v. Atlantic Richfield, Co.*, 107 Cal. App. 4th 967 (2003), which followed *Jensen* but found a civil penalty to be mandatory where the statute in question required a penalty but permitted the court to determine the amount by considering a variety of factors. There, the statute stated:

> In assessing the amount of a civil penalty for a violation of this chapter, the court shall consider all of the following: (A) The nature and extent of the violation. (B) The number of, and severity of, the violations. (C) The economic effect of the penalty on the violator. (D) Whether the violator took good faith measures to comply with this chapter and the time these measures were taken. (E) The willfulness of the violator's misconduct. (F) The deterrent effect that the imposition of the penalty would have on both the violator and the regulated community as a whole. (G) Any other factor that justice may require.

*Id.* at 977 n.8. The *Shamsian* court, finding a civil penalty determined by reference to such malleable factors to nonetheless be mandatory, applied the limitations period of California Code of Civil Procedure § 340(a) to the civil penalty before it. *Id.* at 978. Given that the trial court assessing the penalty in *Shamsian* had even more scope of discretion than would this Court under California Labor Code § 2699(e)(2), this Court concludes that the PAGA civil penalties must be treated as mandatory.

Finally, Medrano argues that if a statute of limitations is applied to the PAGA remedies, the Court should use the longer statutes of limitations for the underlying cause of actions, such as her claim for unpaid wages. Medrano offers no authority, however, that would permit this Court to disregard the express language of California Code of Civil Procedure § 340(a) and apply a different limitations period. The Court declines to do so.

5

### B. A One-Year Limitations Period Bars Medrano's Ninth Claim Seeking PAGA Civil Penalties.

Medrano asserts that her PAGA claim did not accrue until she received a "right to sue" letter from the California Labor & Workforce Development Agency in January 2007. This is not the law in California. The mere existence of statutory conditions precedent to maintaining a suit does not affect the date on which the cause of action is considered to have accrued. *See Wilson v. Department of Public Works*, 271 Cal. App. 2d 665, 669 (1969). *Myers v. Eastwood Care Center, Inc.*, 31 Cal.3d 628 (1982), to which Medrano cites, does not alter this analysis. In *Myers*, the California Supreme Court determined that an enforcement action brought by the state did not accrue until a licensee notified the state it intended to contest the citation or penalty. *Myers* explained that this result was dictated by the fact that "the action here is an enforcement action which may not be maintained until there is something requiring enforcement." *Id.* at 635. Myers further explained that "the enforcement action is brought not upon the original violation, but to effectuate the administrative decision once the licensee has informed the director of its intent to contest the decision." *Id.* Medrano's Ninth Claim, in contrast, is not an enforcement action and accrues, per the general rule, when the wrongful act was committed. *See id.* at 634.[3]

Medrano does not dispute that her employment with Autozone ended in April 2005. (Docket No. 105, Exh. A.) She did not start pursuing the prerequisite administrative remedies required by PAGA under December 2006, when she first served statutory notice on Autozone and the California Labor & Workforce Development Agency of a demand for a PAGA investigation. (*Id.*) She received her right-to-sue letter in January 2007 (Docket No. 105, Exh. B) and sought leave to amend her complaint to assert a PAGA claim in February 2007. The passage of approximately 20 months between the accrual of her Ninth Claim and her first pursuit of administrative remedies is fatal to the claim under the one-year limitations period. Medrano cannot take advantage of a relation-back doctrine to cure the untimeliness of her claim, as the

---

[3] The Court sees no inequity in applying the general rule here given that PAGA specifically tolls the limitations period while the administrative remedies are being pursued. *See* Cal. Lab. Code § 2699.3(d). Had Medrano notified the California Labor & Workforce Development Agency of her PAGA claim within a year of her employment at Autozone, the limitations period would have been tolled at least until she received her right-to-sue letter, and arguably through the 60-day period in which she had an automatic right to amend her complaint as well.

6

PAGA notice is a condition precedent to filing suit. "A subsequent pleading which sets out the subsequent performance of a statutory condition precedent to suit cannot relate back to the time of the filing of the original complaint and thereby toll the running of the period of limitation, since the rule of relation back does not operate to assign the performance of a condition precedent to a date prior to its actual occurrence." *Wilson*, 271 Cal. App. 2d at 669.

Accordingly, Medrano's Ninth Claim is untimely and must be dismissed.[4]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** the Ninth Claim in Medrano's First Amended Complaint.

**IT IS SO ORDERED.**

Dated: June 5, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[4] Because this Court dismisses Medrano's Ninth Claim under Rule 12, there is no need to reach Autozone's alternative request for Rule 56 relief.