**BAILEY PINNEY, PC**
1498 SE Tech Center Place, Suite 290
Vancouver, Washington 98683
Telephone: (360) 567-2551; Fax: (360) 567-3331
**A.E. BUD BAILEY**, Pro Hac Vice, OSB No. 87157, WSB No. 33917
E-Mail: Bbailey@wagelawyer.com
**J. DANA PINNEY**, Pro Hac Vice, OSB No. 75308, WSB No. 33919
E-Mail: JDPinney@wagelawyer.com
**JOSE R. MATA**, Cal Bar No. 83724, OSB 80305
E-Mail: JMata@wagelawyer.com
**SHELBY L. CLARK**, Cal.Bar No. 203606, OSB No. 06049
E-Mail: Sclark@wagelawyer.com

**BONNIE MAC FARLANE,** Cal. Bar No. 161526
720 Howe Avenue, Suite 113
Sacramento, CA  95825
Telephone:  (800) 230-5528
Fax:  (800) 230-5866
E-Mail:  BmacFarlane@wagelawyer.com

Attorneys for Plaintiff  Medrano

MICHAEL HOFFMAN, Bar No. 162496
JEREMY A. ROTH, Bar No. 129007
LITTLER MENDELSON
a Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facscimile: 415.399.8490
Email: mhoffman@littler.com

Attorneys for Defendant
AUTOZONE, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLAUDIA MORENO and MICHELE MEDRANO,<br><br>                    Plaintiffs,<br><br>v.<br><br>AUTOZONE INC.,<br><br>                    Defendant. | Case No. C 05-04432 MJJ<br><br>**STIPULATION AND [PROPOSED] ORDER ALLOWING SPECIFIED DOCUMENTS TO BE FILED UNDER SEAL IN THEIR ENTIRETY UNDER CIVIL L.R. 79-5(b)**<br><br>Honorable Judge Martin J. Jenkins |

////

Plaintiff Medrano and Defendant Autozone Inc., through their respective attorneys or record, stipulate:

1.  The documents described below qualify to be filed under seal in their entirety under Civil L.R. 79-5(b) with the reservations outlined in Paragraphs #3 and #4.  Each of the documents is an exhibit to the Declaration of Bonnie Mac Farlane in support of Plaintiff Medrano's motion for class certification.  These exhibits are as follows:

| Exhibit No. | Document |
|---|---|
| 4. | Documents Produced by AutoZone |
| E. | Termination Reports/Documents Def.'s Bates Nos . D004895-D004901, D004904, D004905, D004907-D004917, D004919, D004922-D004942, D004944-D004971, D004973-D004991, D004994-D004997, D004999, D005000, D005002-D005018, D005020-D005023, D005026-D005032, D005034-D005047, D005049-D005054, D005058-D005099, D005101-D005107, D005109-D005133, D005136-D005138, D005141, D005143-D005146, D005151, D005152, D005154-D005157, D005159, D005161-D005164. |
| 15. | Computer Disc containing Electronic Data produced by AutoZone re: Paycheck and Termination Data, entitled by AutoZone as **"ez_lawsuit_file 1", "ez_lawsuit_file 2", "ez_lawsuit_file 3", and "ez_lawsuit_file 4"**. |
| 16 – 19. | Paper copy of Ex. 15. |
| 21 – 24 | Ex. 16 – 19 with formatting and bates numbers:  AZCA-ES01, Lines 1-204; AZCA-ES02,  Lines 1-198; AZCA-ES03, Lines 1- 5496;  AZCA-ES04,  Lines 1-8153. |
| 25 | Computer Disc produced by AutoZone, SMS Time Historical Reports (Employee time and payroll data). |
| 26 | Paper Copy of Portions of Ex. 25. |
| 27. | Open Close Reports (Security Logs), produced by AutoZone in PDF format, Def.'s Bates Nos. AZCA-ES07-000001 to AZCA-ES07-000088, D005172-D005178, D005180- D005183, D005185- D005187, D005189- D005191, D005193, D005194, D005196, D005197, D005199, D005200, D005202, D005203, D005205, D005207, D005208, D005210, D005212, D005214, D005218, D005220, D005221, D005223, D005225, D005227, D005229, D005231, D005232, D005234, D005235, D005237, D005239- D005243, D005245, D005247, D005248, D005250, D005252, D005253, D005255, D005257, D005258, D005260, D005262, D005264, D005266, D005268, D005269, D005272- D005274, D005276- D005283, D005285, D005287, D005289, D005291, D005293, D005295, D005297, D005298, D005300, D005302, D005304, D005306, D005308, D005310, D005313, D005315, D005317, D005319, D005320, D005322, D005323, D005325, D005327, D005328, D005330, D005332, D005334, D005336, D005338, D005340, D005342, D005344, D005345, D005347, D005349, D005351, D005353, |

        D005355, D005357- D005359, D005361- D005363, D005367, D005369, D005370, D005372.

28.     Computer disc of Open Close Reports (Security Logs), produced by AutoZone.

29.     Paper copy of Ex. 28.

30.     Paper copy of Ex. 28 with formatting and bates numbers. Bates numbers: AZCA-ES07-000001 to AZCA-ES07-000088 .

2.     Defendant will object and move to strike all evidence, percipient witness testimony, expert testimony, and documents which were not disclosed in accordance with applicable rules, including but not limited to:

    a)     The declarations of Daniel Hernandez, Bert Knox, James McDaniel, David Riepe, and Martin Veloz;

    b)     The declarations and exhibits of expert witnesses George Shubin and Robert Lewis Fountain;

    c)     The declarations and exhibits of Karen Moore; and

    d)     Any evidence that has not been previously disclosed to Defendant.

3.     Defendant requested that Plaintiff "postpone or substantially modify" the filing of Plaintiff's Administrative Motion to File Documents Under seal and to "make the appropriate disclosures" and to "confer on an orderly schedule for completing discovery" on the potential declarants that may be included in Plaintiff's Motion for Class Certification. Plaintiff declined to wait to file her motions. As an alternative to striking the evidence, Defendant intends to apply ex parte for an order continuing the hearing. By entering into this stipulation, Defendant does not waive any objection or defense to the admissibility or relevance of these documents. Defendant specifically reserves any right it may have to move to exclude certain evidence and/or to have it ruled inadmissible, irrelevant or otherwise and to move to delay the hearing on the Motion for Class Certification for discovery.

4.     By entering into this stipulation, Plaintiff does not indicate agreement with any objections Defendant has or will make or with any motions Defendant may file. The portions of this stipulation referring to Defendant's objections are not an admission by Plaintiff that any of Defendant's objections or future objections or motions have any merit. Plaintiff reserves the right to

oppose any motion, either ex part, or otherwise that Defendant may file with respect to any evidence, the Court's consideration of Plaintiff's motion for class certification, or otherwise.

5. Defendant anticipates that the content and volume of Plaintiff's proposed filing will be improper and unduly burdensome for a class certification motion. Nothing in this stipulation should be construed as assent to the relevance, materiality, propriety, or necessity of Plaintiff's filing decision.

Dated: June 28, 2007     BAILEY PINNEY, PC

By ___/s/_____
   Bonnie Mac Farlane
   Attorney for Plaintiff Medrano

Dated: June 28, 2007     LITTLER MENDELSON

By ___/s/_____
   Michael Hoffman
   Attorney for Defendant Autozone, Inc.

## ORDER

On the stipulation of the parties, and good cause appearing therefor,

PURSUANT TO STIPULATION, IT IS SO ORDERED that the documents identified in Paragraph 1 above be filed under seal pursuant to Civil L.R. 79-5(b).

Dated: July ___, 2007

_____
Martin J. Jenkins
United States District Judge