UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA MORENO, *et al.*, <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>AUTOZONE, INC., <br><br>　　　　　Defendant. <br> _____/ | No. C-05-4432 MJJ (EMC) <br><br> **ORDER GRANTING DEFENDANT'S REQUEST TO TAKE PRE-CERTIFICATION DEPOSITIONS** <br><br> **(Docket Nos. 159, 160)** |

　　　　The parties' dispute over Defendant's request to take the deposition of absent class members Bert Knox and James McDaniel who submitted declarations in support of Plaintiffs' motion for class certification briefed by letter came on for hearing on August 1, 2007.  Good cause appearing therefor, the Court **GRANTS** Defendant's request.

　　　　Discovery of absent class members is generally not allowed.  However, such discovery may be taken even prior to certification if the proponent of the deposition demonstrates discovery is not sought to take undue advantage of class members or to harass class members, and is necessary to the trial preparation (or in this instance for preparation of the opposition to class certification).  *See In re FedEx Ground Package System, Inc.*, 2007 U.S. Dist. Lexis 16205 (N.D. Ind. 2007) at *19-20; *Cornn v. UPS, Inc*., 2006 U.S. Dist. Lexis 69196 (N. D. Ca. 2006) at * 6-7.

　　　　Those criteria are met here.  Defendant seeks to take the deposition only of those absent class members who have injected themselves into the class certification motion by filing factual declarations.  Nothing indicates this is an attempt to take undue advantage of or to harass absent class members.  Reasonable cross examination of the declarants as to facts asserted therein is reasonably necessary to Defendant's preparation of its opposition to the class certification motion.

1  While Defendant may have access to relevant documents which could support its opposition to the
2  class certification motion, the declarants appear to possess information which may not be
3  documented and thus not within Defendant's possession absent a deposition.  Moreover, Defendant
4  has agreed that it only needs two hours each to take these witness' deposition, so the burden on the
5  witnesses is minimal.

6  Should Defendant's wish to take the deposition of the three other absent class members who
7  submitted declaration, it may do so (provided they can be located soon) with the same limitation that
8  each deposition shall be limited to two hours.

9  At the hearing, the parties raised the issue of Defendant's desire to take the deposition of
10  expert witnesses who submitted declarations in support of Plaintiffs' motion to certify the class.
11  Because such depositions are reasonably necessary to defend against the motion, and these
12  declarations were not provided to Defendant until July, the Court finds Defendant is entitled to take
13  these two expert witness depositions in order to examine the declarants on matters raised in their
14  declarations.  While Defendant is entitled to examine documents on which these experts relied in
15  rendering their opinions, it is not entitled to view all correspondence which would otherwise be
16  privileged if such correspondence was not relied on substantively in rendering their opinions.

17  The parties shall meet and confer and work out a schedule for the depositions. The Court
18  expects these depositions will be completed by mid-September.  The parties stipulated that the
19  hearing on the motion for class certification will be heard no sooner than 30 days after the last
20  deposition.  Any rescheduling of the hearing on the class certification motion (currently scheduled
21  for October 17) shall be subject to approval by Judge Jenkins.

22  This order disposes of Docket Nos. 159 and 160.

24  IT IS SO ORDERED.

26  Dated: August 3, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

**United States District Court**
For the Northern District of California