UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA MORENO, *et al.*, | No. C-05-4432 MJJ (EMC) |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER** |
| AUTOZONE, INC., | **(Docket No. 164)** |
| Defendant. | |
| _____/ | |

In its order of August 3, 2007, the Court made a ruling with respect to the depositions of expert witnesses who submitted declarations in support of Plaintiffs' motion to certify the class. More specifically, the Court stated that, for these witnesses, "Defendant is entitled to examine documents on which these experts relied in rendering their opinions, [but] is not entitled to view all correspondence which would otherwise be privileged if such correspondence was not relied on substantively in rendering their opinions." Order of 8/3/07, at 2. Defendant asks the Court to vacate this part of the order because the issue was not raised in the parties' letters and further because the ruling is inconsistent with precedent. Having considered the parties' respective letters, the Court hereby **GRANTS** Defendant's motion to reconsider.

The Court agrees with Defendant that this issue regarding the scope of privilege in regard to expert witnesses is premature. The issue was not raised in either party's letter and instead was brought up for the first time during the conference call with the Court. While the Court's ruling that expert witnesses submitting declarations may be deposed is consistent with its ruling that other declarants may be subject to examination, the privilege issue presents a closer question which warrants briefing. The Court notes that, in their letters addressing the request for reconsideration,

1  neither party has directly addressed the critical question on this issue.  That is, even if "Rule
2  26(a)(2)(B) requires the disclosure of all materials considered by, presented to, or relied upon by a
3  testifying expert in forming his or her opinions, regardless of whether they might otherwise be
4  protected by the work-product privilege," *SEC v. Reyes*, No. C 06-04435 CRB, 2007 U.S. Dist.
5  LEXIS 27767, at *4 n.1 (N.D. Cal. May 17, 2007), the question remains whether the same
6  disclosures are required with respect to an expert who has supplied a declaration (or testimony)
7  *outside* of the context of Rule 26(a)(2) -- in this case in support of a motion for class certification.
8  The Court's comments on disclosed communications with the expert declarants were premature.

      Accordingly, the Court vacates that part of its prior ruling that addressed disclosures to expert witnesses who submitted declarations in support of Plaintiff's motion for certification.  The parties should further meet and confer to determine whether they can reach agreement on this issue.  If not, the parties should file by August 22, 2007 a joint letter (no longer than four single-spaced pages) addressing the issue.

      This order disposes of Docket No. 164.

      IT IS SO ORDERED.

Dated: August 8, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

2