UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA MORENO, *et al.*, | No. C-05-4432 MJJ (EMC) |
| Plaintiffs, | |
| v. | **ORDER RE PARTIES' JOINT LETTER OF AUGUST 22, 2007** |
| AUTOZONE, INC., | **(Docket No. 170)** |
| Defendant. | |
| _____/ | |

The parties submitted a joint letter to the Court, dated August 22, 2007, regarding their continuing dispute over discovery related to George Shubin and Robert Fountain, two experts retained by Plaintiffs who have submitted declarations in support of Plaintiffs' motion for class certification. Having reviewed the parties' joint letter, the Court hereby concludes that the Rule 26(a)(2)(B) standard is applicable.

The starting point for the Court's analysis is Federal Rule of Civil Procedure 26(a)(2). This rule provides for the disclosure of expert testimony. Under the rule, disclosure is made at the direction of the court and, "[i]n the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial . . . ." Fed. R. Civ. P. 26(a)(2)(C) (emphasis added). Although Rule 26(a)(2) disclosure is expressly directed to pretrial disclosure, courts have employed the Rule 26(a)(2) disclosure process for other proceedings, such as class certification. *See, e.g.*, *Becker v. Chi. Title Ins. Co.*, No. 03-2292, 2004 U.S. Dist. LEXIS 1988, at *51 (E.D. Pa. Feb. 4, 2004) (providing that plaintiffs and defendants "shall identify their expert witness(es) on class certification issues, if any, and provide Rule 26(a)(2)(B) reports for those experts" by certain dates).

Plaintiffs are correct that disclosure under Rule 26(a)(2) would not apply absent court order or stipulation. However, in the instant case, the parties submitted a stipulation and proposed pre-certification case management order on March 2, 2006. *See* Docket No. 31. Although not signed by Judge Jenkins, the stipulation is still significant since it is a stipulation governing precertification proceedings. In the stipulation, the parties agreed that the deadline for disclosure of expert witnesses *and production of reports* would be September 15, 2006. *See id.* at 2. The Court interprets this stipulation as implicitly incorporating expert reports as generally provided for by Rule 26(a)(2)(B). Even if an expert report may not ordinarily be required for an expert who provides testimony in support of or in opposition to a motion for class certification, *see, e.g.*, *In re Initial Public Offering Secs. Litig.*, No. 21 MC 92 (SAS), 2004 U.S. Dist. LEXIS 13877, at *6-7 (S.D.N.Y. July 23, 2004) (acknowledging that "defendants are entitled to the data considered by an expert at the appropriate time" but concluding that "this [*i.e.*, the time of a motion for class certification] is *not* the appropriate time"; noting that, "[i]f defendant opposing class certification were entitled to the extensive disclosure sought by counsel here . . . [,] then certification could only be considered at the end of discovery") (emphasis in original), here the parties agreed otherwise.

Consistent with Rule 26(a)(2)(B), Plaintiffs must disclose to Defendant all materials considered by, presented to, or relied upon by Mr. Shubin and Mr. Fountain. *See SEC v. Reyes*, No. C 06-04435 CRB, 2007 U.S. Dist. LEXIS 27767, at *4 n.1 (N.D. Cal. May 17, 2007) ("Rule 26(a)(2)(B) requires the disclosure of all materials considered by, presented to, or relied upon by a testifying expert in forming his or her opinions, regardless of whether they might otherwise be protected by the work-product privilege."). Although reports should have been produced, the reports are now moot since these two experts have now already provided testimony and disclosed their opinions.

The Court does not make any ruling on Plaintiffs' contention that "Defendant [should] be precluded from presenting expert testimony in their case-in-chief at trial," *id.* at 1, because it too has failed to disclose an experts. However, the Court notes that the stipulation entered into by the parties was for precertification matters and not, in other words, for trial. *See also* Docket No. 27 (civil minute order, dated 2/21/06) (stating that parties "shall submit a Joint Stipulated Pretrial Order

1  as to the class certification only"). The Court sees no reason why Rule 26(a)(2) should not continue
2  to apply to disclosure for trial purposes, absent an order or stipulation to the contrary.
3      This order disposes of Docket No. 170.

5      IT IS SO ORDERED.

7  Dated: August 28, 2007

                                      EDWARD M. CHEN
                                      United States Magistrate Judge

**United States District Court**
For the Northern District of California