UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA MORENO, *et al.*, | No. C-05-4432 CRB (EMC) |
| Plaintiffs, | |
| v. | **ORDER RE JOINT LETTER OF APRIL 7, 2008** |
| AUTOZONE, INC., | **(Docket No. 247)** |
| Defendant. | |

    The parties have filed a joint letter, dated April 7, 2008, concerning a discovery dispute. As discussed in the letter, Plaintiff seeks to modify the protective order entered in the instant case so that confidential documents subject to the protective order may be used not only in the instant case but also in two other cases, *Ellison v. AutoZone, Inc.*, No. C-06-7522 CRB (N.D. Cal.), and *Myart v. AutoZone, Inc.*, No. 05CC03219 (Orange County Superior Ct.).[1] Having reviewed the parties' joint letter and accompanying submissions, the Court hereby **DENIES** Plaintiff's request.

    Denial is appropriate for several reasons. First, as Defendant points out, the real parties in interest with respect to the motion to modify are the plaintiffs in the *Ellison* and *Myart* suits, but they have not made any appearance in the instant case seeking to intervene for the limited purpose of modifying the protective order. *See Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) ("recognizing that Rule 24(b) [which governs permissive intervention] permits limited intervention for the purpose of challenging a protective order"). The fact that counsel for

---

[1] Plaintiff is not asking for the unsealing of any documents subject to the protective order.

1  Plaintiff happens to represent the plaintiffs in *Ellison* and *Myart* does not mean that Plaintiff can
2  therefore seek relief on behalf of the *Ellison* and *Myart* plaintiffs.
3      Second, even if Plaintiff could seek relief on their behalf, the Court must still apply the
4  standard laid out by the Ninth Circuit in *Foltz v. State Farm Mutual Automobile Insurance Co*, 331
5  F.3d 1122 (9th Cir. 2003).  In *Foltz*, the Ninth Circuit noted that it "strongly favors access to
6  discovery materials to meet the needs of parties engaged in collateral litigation [because] [a]llowing
7  the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial
8  economy by avoiding the wasteful duplication of discovery." *Id.* at 1131.  Accordingly, "[w]here
9  reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate
10 interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper
11 protective order so that collateral litigants are not precluded from obtaining relevant material should
12 generally be granted." *Id.* at 1132.  The Ninth Circuit, however, cautioned that "a court should not
13 grant a collateral litigant's request for such modification automatically.  As an initial matter, the
14 collateral litigant must demonstrate the relevance of the protected discovery to the collateral
15 proceedings and its general discoverability therein." *Id.* at 1131-32.  In the instant case, Plaintiff
16 (assuming that she may properly act on behalf of the *Ellison* and *Myart* plaintiffs) has failed to
17 establish the relevance of the protected discovery to the *Ellison* and *Myart* cases.  In the joint letter,
18 Plaintiff simply states in conclusory terms that the *Ellison* and *Myart* cases allege "similar labor
19 code violations" as in the instant case.  Joint Letter at 1 n.1.  No other analysis is provided.[2]
20     Accordingly, the Court denies Plaintiff's request for modification of the protective order.
21 This order shall not bar either the *Ellison* plaintiff or *Myart* plaintiff from seeking relief by means of

---

[2] The Court notes that, even if Plaintiffs could establish relevance and there is no countervailing reliance interest on the part of Defendant, such that modification of the protective order in this case would be appropriate, the Court would only be deciding that the protective order in this case will not bar the *Ellison* and *Myart* plaintiffs "from gaining access to the discovery already conducted." *Foltz*, 331 F.3d at 1133.  It would not be "decid[ing] whether the collateral litigants will ultimately obtain the discovery materials." *Id.*  As the Ninth Circuit stated in *Foltz*, "[t]he disputes over the ultimate discoverability of specific materials covered by the protective order must be resolved by the collateral courts." *Id.*

The Court further notes that, arguably, the plaintiff in *Ellison* should not be entitled to modification of the protective order (at least, not yet) since, in that case, discovery was stayed pending resolution of the class certification motion in this case.  *See Ellison*, C-06-7522 CRB (Docket No. 60).

proper intervention. However, any such motion to intervene should not be made until after Judge Breyer has ruled on Defendant's challenge to the adequacy of current counsel for Plaintiff (which also represents the *Ellison* and *Myart* plaintiffs). This will not prejudice the plaintiff in *Ellison* since discovery in that case has been stayed pending resolution of the class certification motion in this case. Nor will this prejudice the *Myart* plaintiff since he has known about the documents in the instant case since at least October 2007 but chose not to pursue the production of documents until some six months later.

This order disposes of Docket No. 247.

IT IS SO ORDERED.

Dated: April 10, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge