United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHELE MEDRANO,

    Plaintiff,

v.

AUTOZONE, INC,

    Defendant.

                                         /

No. C 05-04432 CRB

**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

      Now pending before the Court is Plaintiff Michele Medrano's motion for leave to file a second amended complaint. On May 30, 2008, the Court denied Plaintiff's motion for class certification as to an "off-the-clock" class on the ground that Medrano is an atypical class representative.[1] See Fed. R. Civ. P. 23(a)(3). Plaintiff now seeks to file an amended complaint naming Gerardo Vargas as lead plaintiff for the off-the-clock class.

      On February 20, 2006, the parties filed a stipulation agreeing that May 31, 2006 would act as a deadline to join additional parties. Stipulations freely and voluntarily entered into are binding and enforceable. See United States v. Gwaltney, 790 F.2d 1378, 1386 (9th Cir. 1986). There is no evidence that Plaintiff entered into the February 20 stipulation involuntarily and thus, the agreement must be regarded as essentially a stipulated scheduling order. As a result, whether to allow Plaintiff to file an amended complaint turns not on the

---

[1] Because the Court denied class certification for lack of typicality – rather than on the basis of standing – AutoZone's argument that Plaintiff's off-the-clock claim must be dismissed is inapposite.

1  liberal standard set forth in Federal Rule of Civil Procedure 15(a)(2), but on the "good cause"
2  standard of Rule 16(b)(4).  See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th
3  Cir. 2000).

4       The good cause standard "primarily considers the diligence of the party seeking the
5  amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).
6  Even under the liberal Rule 15 standard "late amendments to assert new theories are not
7  reviewed favorably when the facts and the theory have been known to the party seeking
8  amendment since the inception of the cause of action." Acri v. Int'l Ass'n of Machinists &
9  Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986).  Here, Plaintiff knew that she
10 never closed an AutoZone store and therefore should have known that she could not
11 appropriately represent the off-the-clock class.  Plaintiff should have amended her complaint
12 well before the class certification hearing to ensure that the class was represented by a typical
13 lead plaintiff.  Under the circumstances, the Court finds that the plaintiff has failed to show
14 diligence in amending her complaint and there the inquiry must end.  See Coleman, 232 F.3d
15 at 1295.  Because Plaintiff has not proffered good cause for amendment of the scheduling
16 stipulation, the motion for leave to file a second amended complaint is DENIED.

17 **IT IS SO ORDERED.**

20 Dated: June 30, 2008

                              CHARLES R. BREYER
                              UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California