IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORENO, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>AUTOZONE, INC.,<br><br>    Defendant.                    / | No. CV 05-4432 CRB<br><br>**ORDER GRANTING SUMMARY JUDGMENT AS TO NAMED PLAINTIFF AND DISMISSING REMAINING CLAIMS** |

Plaintiff Michelle Medrano's[1] complaint alleges 9 separate causes of action. Of those, only five remain disputed. Plaintiff does not dispute that summary judgment is warranted with regard to her breach of contract claim, and notes that her meal and rest break claims are foreclosed by the res judicata effect of the state Martinez action.[2] Plaintiff's Opp. at 8 n.4. The remaining claims derive from two forms of alleged misconduct: failure timely to pay wages ("the Timely Payment Claims"), and failure to pay for "off-the-clock work" ("the Off-the-Clock Claims"). Plaintiff sought class certification on both claims, but certification was granted only for the Timely Payment Claim. Dkt. #268.

Defendant argues in its motions that Plaintiff has no standing to represent the class on the Timely Payment Claims. It argues that Plaintiff suffered no injury because, even though

---

[1] Co-plaintiff Claudia Moreno was dismissed on April 9, 2007. Dkt. #109.

[2] Martinez, et al. v. AutoZone, Inc., No. B207013, 2009 WL 679663, at *1 (Cal. Ct. App. 2009).

her final paycheck was not issued within 72 hours of her resignation, it had been issued by the time Plaintiff returned to her workplace to claim it. This Court agrees. The statute itself, as well as a recent Northern District case and the opinion of the relevant California state agency, indicates that the mere failure timely to issue a check does not give rise to liability under California labor law. On the contrary, penalties accrue only when a plaintiff has shown that she demanded such payment 72 hours after resignation, but payment was not tendered. In this case, by the time Plaintiff arrived to claim her paycheck, it was waiting for her. Summary Judgment is therefore GRANTED as to her individual claim. Because Plaintiff was not injured, she therefore has no standing to pursue relief on behalf of the class. Accordingly, class certification must be VACATED and the case DISMISSED.

This Court further concludes that there is no independent source of federal subject matter jurisdiction with regard to Plaintiff's Off-the-Clock Claims. Moreover, Plaintiff explains that she is participating in an ongoing state class action that is pursuing these same claims. Therefore, her rights will be protected. Those claims are therefore DISMISSED for lack of jurisdiction.

## BACKGROUND

Plaintiff began working at AutoZone in December 2004. On April 15, 2005, she quit without notice. Plaintiff's final paycheck was issued on April 29, 2005. She received that paycheck when she next returned to the store.

Plaintiff makes two allegations with regard to her employment at AutoZone: (1) her final paycheck was not timely issued in compliance with California law; and (2) she was not paid for off-the-clock work.

As to the first claim, both parties devote significant portions of their briefs to the issue. The facts as to the named Plaintiff are largely undisputed, but the parties dispute the legal consequences of those facts. The parties do not dispute that Plaintiff quit without notice on April 15, that her final paycheck was issued on April 29, and that Plaintiff later picked up her check in person from the store. In addition, the parties do not dispute that Plaintiff did not return to the store in between her resignation and her retrieving her final

2

paycheck. Plaintiff contends that these facts establish Defendant's liability. Defendant argues that, even assuming other members of the class might have a dispute against Defendant, these facts establish that Plaintiff does not.

## DISCUSSION

### 1. Legal Standard

Summary Judgment in Federal Court is authorized by Rule 56(c) of the Federal Rules of Civil Procedure. Summary Judgment may be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the record on file that establish the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Id. at 324.

### 2. Timely Payment Claims

Defendant has moved both for decertification of the class and for summary judgment on the Timely Payment Claims. A threshold question in any case, including a class action, is whether the Plaintiff has standing to seek legal relief. We conclude that Plaintiff has provided no evidence indicating that she suffered a cognizable injury, and that summary judgment as to her individual claim is appropriate. Moreover, because she has no standing to assert the legal rights of the class members, she cannot proceed as their representative. Under Ninth Circuit precedent, class certification must therefore be VACATED and the claim DISMISSED.

Plaintiff's Timely Payment Claims are predicated on California Labor Code § 202(a). That section provides that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later that 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit . . . .

3

1  Section 208 provides that "[e]very employee who is discharged shall be paid at the place of
2  discharge, and every employee who quits shall be paid at the office . . . where the employee
3  has been performing labor."

4  The parties agree that Plaintiff was entitled to be paid at the store where she worked.
5  They further agree that she quit without notice. Therefore, they agree that § 202 came into
6  effect 72 hours after Plaintiff quit. They also do not dispute that Plaintiff did not return to the
7  store until some time later, and that her paycheck was available to her the first time she went
8  to claim it. They disagree, however, as to whether these facts give rise to liability under §
9  202.

10  Plaintiff argues that § 202 required that her check be issued and available within 72
11  hours of her quitting. Defendant, however, argues that § 202 provides only that Plaintiff had
12  the <u>right</u> to return to her store and demand payment within 72 hours. In other words,
13  Defendant argues that Plaintiff suffered no injury because her check was available by the
14  time she went to claim it.

15  Defendant's interpretation of the statute has more support both in statutory language
16  and in precedent. First, the plain language of § 202 provides that "wages shall become due
17  and payable not later that 72 hours" after an individual quits without notice. "Due and
18  payable" implies that wages are owed from that point, but do not clearly require that a check
19  be issued and available. On the contrary, this language suggests that a worker's right to be
20  paid vests after 72 hours, but that it is the worker's obligation to demand payment. Had the
21  California legislature sought to require employers to issue checks along a specific time
22  frame, regardless of the worker's actions or preferences, it would have used different
23  language. The definition of "due and payable" does not clearly require the ministerial act of
24  cutting a check.

25  This interpretation was adopted in a recent opinion in the Northern District of
26  California. Judge Armstrong in <u>In re: Wal-Mart Stores, Inc. Wage & Hour Litigation</u>, No.
27  06-2069, 2008 WL 413749 (N.D. Cal. Feb. 13, 2008), agreed with the argument that "the
28  California final pay statutes . . . are triggered not only by termination of employment, but by

4

the associate performing his or her duty to be at the store to receive tender of final pay or to give Wal-Mart specific mailing instructions." Id. at *8.  Judge Armstrong also cited to the opinion of the California Division of Labor Standards ("DLSE").  That opinion provides that:

> Labor Code section 208 further provides that the wages of an employee who quits shall be paid at the office or agency of the employer in the county where the employee has been performing labor.  You are correct when you state that this provision would require the quitting employee to return to the office or agency where the employee has been performing labor to collect his or her wages.  You are also correct in stating that waiting time penalties would not accrue to an employee who fails to return to the place of employment 72 hours after quitting.

Id.  While such opinions are not binding on courts, they provide useful guidance.  See Bell v. Farmer's Ins. Exchange, 87 Cal. App. 4th 805, 815 (2001) (explaining that a DLSE opinion, "while not controlling upon the courts by reason of their authority, . . . constitute[s] a body of experience and informed judgment to which courts and litigants may properly resort for guidance.").  Defendant has submitted the same DLSE opinion in support of its motion for summary judgment.  Defendant's Request for Jud. Notice.  Plaintiff does not contest its admissibility.

     Judge Armstrong's analysis is persuasive.  While Plaintiff urges this Court to depart from Judge Armstrong's reasoning, asserting that it is an inaccurate rendering of California law, Plaintiff cites to no California case or statute to support this conclusion.  While Plaintiff may indeed be correct that Defendant's payment policy would regularly result in checks being issued more than 72 hours after a resignation, and that some individuals would have requested payment before the check was available, Plaintiff has no evidence that she was such an individual.  On the contrary, she testified at a deposition that the check was available to her when she went to pick it up, and that she could not recall ever visiting the store in the interim.  Hoffman Decl., ex. A, at 57:16-23.  At oral argument, Plaintiff's counsel asserted that the only reason Plaintiff failed to seek payment earlier was because she had been told by Defendant that it was not yet available.  However, Plaintiff's counsel conceded at the hearing that there is no evidence in the record to support this contention.  Without such evidence, there is simply no material issue of fact.

5

The failure of Plaintiff's individual claim means Plaintiff has no standing to pursue the legal rights of the class. Even crediting Plaintiff's arguments that others did indeed demand their wages and were unlawfully told to wait, Plaintiff does not have standing to assert those claims. "Care must be taken, when dealing with apparently standing-related concepts in a class action context, to analyze individual standing requirements separately and apart from Rule 23 class prerequisites." Newberg on Class Actions § 2.8 (4th ed. 2002). Where the named plaintiff is judged not to have standing, "[b]ecause individual standing requirements constitute a threshold inquiry, the proper procedure when the class plaintiff lacks individual standing is to dismiss the complaint, not to deny the class for inadequate representation." Id. This rule has been adopted by the Ninth Circuit. See Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1023 (9th Cir. 2003) ("We are persuaded by the Seventh Circuit's approach in an analogous case, which held that where the sole named plaintiff never had standing to challenge a township's poor-relief eligibility guidelines, and where she never was a member of the class she was named to represent, the case must be remanded with instructions to dismiss." (internal quotations and citation omitted)). Accordingly, class certification is hereby VACATED and the class claim is DISMISSED.

**3. Off-the-Clock Claims**

While Plaintiff has no standing to pursue the Timely Payment Claims, she also alleges that Defendant failed to compensate her for work she was required to perform "off the clock." However, there is no independent source of federal subject matter jurisdiction over this claim. While the parties appear to be diverse, Plaintiff has not alleged damages of $75,000, nor has she pursued any federal claims. In light of the fact that Plaintiff is participating in an analogous class action in state court, this Court elects not to maintain jurisdiction over these claims.

///

///

///

6

1    This Court GRANTS Defendant's motion for summary judgment as to Plaintiff's
2 individual Timely Payment cliam.  Because the Plaintiff lacks standing to pursue the relief on
3 behalf of the class, we VACATE the class certification and DISMISS Plaintiff's Timely
4 Payment claims.  As to the remaining claims, we dismiss for lack of jurisdiction.
5 **IT IS SO ORDERED.**

8 Dated: October __ , 2009                                          CHARLES  R. BREYER
                                                                    UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\4432\Dismissal Order.wpd              7